COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I join Parts I, II, III.A, and IV of the opinion of the court. With respect to the Keller Plaintiffs and the Fair Housing Act (“FHA”), as addressed in Parts III.B and III.C of the lead opinion, I conclude that Fred Keller never asserted standing to raise a claim under the FHA, and it is not our place to raise that claim for him sua sponte. Juan Doe and Juana Doe # 2 lack standing under Article III of the Constitution to pursue an FHA claim, because they have not established the requisite injury in fact. I therefore agree that the FHA claims of the Keller Plaintiffs should be dismissed, and I concur in the judgment directing the dismissal of both complaints.
Although the City of Fremont argued in the district court and on appeal that the Keller Plaintiffs lacked standing to bring a claim under the FHA, Fred Keller never claimed to have standing to do so. In response to the City’s motion for summary judgment, which argued that Fred Keller, Juan Doe, and Juana Doe lacked standing to bring any claims, the Keller Plaintiffs responded as follows: (1) “Plaintiff Fred Keller has Standing to Raise his Claims Under the Supremacy Clause and the Commerce Clause of the U.S. Constitution;” (2) “Plaintiff Juan Doe has Standing to Raise his Claims under the Supremacy Clause, the Equal Protection Clause, Section 1981, and the Fair Housing Act;” and (3) “Plaintiff Juana Doe # 2 has Standing to Raise her Claims Under the Supremacy Clause, the Equal Protection Clause, Section 1981, and the Fair Housing Act.” R. Doc. 186, at 14, 17, 19. The plain import of this response is that Juan Doe and Juana Doe # 2 were raising a claim under *952 the Fair Housing Act, and Fred Keller was not. When the district court concluded after this briefing that “each Plaintiff has standing to assert the claims presented by that Plaintiff,” Keller v. City of Fremont, 853 F.Supp.2d 959, 966-67 n. 2 (D.Neb.2012), the district court presumably meant only that Keller had standing to raise his claims under the Supremacy Clause and the Commerce Clause, as presented in the brief of the Keller Plaintiffs. The court’s reference to the “Plaintiffs in the Keller case” during its discussion of the Fair Housing Act, id. at 978, is naturally understood to mean those plaintiffs who asserted standing to raise a claim under the FHA (i.e., Juan Doe and Juana Doe #2), not Fred Keller.
In any event, the City also argued on appeal that none of the Keller Plaintiffs has standing to raise a claim under the FHA. As in the district court, the Keller Plaintiffs responded by arguing only that Juan Doe and Juana Doe # 2 have standing. They advance no argument that Fred Keller is pressing a claim under the FHA or that he has standing to do so. Fred Keller thus has abandoned any claim under the FHA that.might have been pleaded in the amended complaint. As such, it is unnecessary to address whether Keller would have standing to raise a pre-enforcement challenge that Ordinance No. 5165 violates the FHA while at the same time averring that he will never be subject to the Ordinance. Cf. ante, at 947 & n. 11.
The district court concluded summarily that Juan Doe and Juana Doe #2 have standing to bring a claim under the FHA, but neither has alleged a sufficient injury to satisfy Article III. Article III requires an injury that is “concrete, particularized, and actual or imminent,” Clapper v. Amnesty International, USA — U.S.-, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013), and the allegations of injury made by Juan and Juana do not meet that standard.
Juan Doe testified at deposition that he and his wife had lived in their current rental unit for four years, and that they intended to reside there “for a long time.” Supp. SA 8. The Ordinance does not apply to rentals in effect before the Ordinance was enacted. Ord. 5165, § 1.2(A)(3). As long as Juan and his wife remain at then-current residence, they will not be subject to the Ordinance and will suffer no injury. Juan attempted to establish injury by submitting a post-deposition affidavit that said he was “currently looking to rent a house,” but this court has held that a party who has been examined at length on deposition cannot raise a genuine issue of fact “simply by submitting an affidavit contradicting his own earlier testimony.” Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir.1983). Even accepting Juan’s affidavit, moreover, merely “looking to rent” is insufficient to demonstrate an imminent harm when the record shows that Juan had not moved to a new residence within six months of filing the affidavit.
Juana Doe # 2 alleged no injury in fact, because after this case commenced, she moved from a rental unit into a trailer home that she purchased, and she then testified that she plans to live at the trailer home “indefinitely.” Juana’s general statement that she “would prefer to give her son a more comfortable living situation” is insufficient to establish that the Ordinance will cause an imminent injury by preventing a move to rental housing, especially since Juana acknowledged that she was unable to rent a more desirable apartment in Fremont even before the Ordinance went into effect. “ ‘[S]ome day’ intentions — without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of’ an actual or immi *953 nent injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 & n. 2, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
In sum, Juan Doe and Juana Doe # 2 lack standing to raise a claim under the Fair Housing Act, and Fred Keller has abandoned any claim that he might have pleaded under the FHA. It is thus unnecessary to reach the merits of a disparate impact challenge to the Ordinance under the Fair Housing Act. For these reasons, I concur in part in the opinion of the court and concur in the judgment.